**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 14 CV 01570 |
| v. | Judge James B. Zagel |
| FUNDS IN THE AMOUNT OF $246,197.44 SEIZED FROM JP MORGAN CHASE BANK ACCOUNT XXXXX9895, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

The United States of America ("Plaintiff") filed a verified complaint ("Complaint") seeking forfeiture *in rem* of property held by claimant AU Electronics, Inc. ("Defendant" or "AU") under the subject account Funds in the Amount of $246,197.44 Seized from JP Morgan Chase Bank Account XXXXX9895 ("Defendant Property" or "Subject Account"). AU moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and Rules E(2) and G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"). For the foregoing reasons, Defendant's motion is denied in its entirety.

### I. BACKGROUND

The following facts are viewed in the light more favorable to the United States of America, the target of this motion. AU Electronics, Inc., a business incorporated and registered in Illinois, describes itself as the "biggest existing wholesale provider of hi tech gadgets and consumer electronic products from the USA market" to "Business (B2B) customers worldwide." AU operated from store front locations in the Chicago area, including Chicago, Oak Park, and Bedford Park, until April 2012 and then operated solely from its offices at 6600 North Lincoln

1

Avenue, Suites 306 and 314, Lincolnwood, Illinois from April 2013 until around September 2013.

From at least sometime in 2012 through September 2013, AU received and purchased electronic devices, which included iPads, iPhones, and other mobile devices, that were stolen or fraudulently obtained from suppliers, repackaged the devices, and then sold those devices to domestic and international customers at prices higher than AU paid its own suppliers. Plaintiff alleges that AU's suppliers included individuals who sold stolen or fraudulently obtained electronics to AU on a recurring basis, and AU knew that the majority of the devices, if not all of the devices, were stolen or fraudulently obtained.

AU paid its suppliers for these stolen or fraudulently obtained products via wire transfer, electronic funds transfer, check, and cash from funds in AU's bank accounts, which were funds paid by AU from the Subject Account since it was opened on approximately May 30, 2013. Between approximately June 6, 2013 and August 30, 2013, AU's customers in the United Arab Emirates, China, and Hong Kong wire transferred approximately $8,065,555.26 in funds to the Subject Account to pay for the stolen and fraudulently obtained electronic devices. AU used these funds, and others contained in the Subject Account, to continue its operations, including, but not limited to, purchasing additional stolen and fraudulently obtained electronic devices, which AU then resold to its customers, and to pay its employees and principals.

## II. LEGAL STANDARD

Rule G(8)(b) of the Supplemental Rules allows a claimant with standing to move for the dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Fed. R. Civ. P. 12(b)(6) does not test the merits of a claim; rather it tests the sufficiency of the complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In deciding a Rule 12(b)(6)

motion, the court accepts all well-pleaded facts as true, and draws all reasonable inferences in favor of the plaintiff. *Id.* at 1521. Generally, to survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "A complaint should not be dismissed for failure to state [a] claim unless it appears beyond doubt that the plaintiff is unable to prove any set of facts which would entitle the plaintiff to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546, 127 S.Ct. 1955, 1959 (2007).

In a civil forfeiture case, the pleading standard is harder to meet than in ordinary civil cases as an accommodation to the "drastic nature" of the civil forfeiture remedy. 12 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3242 (1973). A civil *in rem* forfeiture movant must plead "the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." Supp. R. E(2)(a). To satisfy this standard, the government must "prove the connection between the property to be forfeited and the [illegal] activity by a preponderance of the evidence...." Civil Asset Forfeiture Reform Act of 2000, 18 U.S.C. § 983(c)(1) ("CAFRA"); *United States v. Funds in Amount of Thirty Thousand Six Hundred Seventy Dollars*, 403 F.3d 448, 467 (7th Cir. 2005); *United States v. Funds in the Amount of Forty-Five Thousand Fifty Dollars ($45,050.00)*, 2007 WL 2323307, at *2 (N.D. Ill. Aug. 9, 2007) (CAFRA's "preponderance of the evidence" standard has replaced the "probable cause" standard adhered to in pre-CAFRA cases).

In addition, "the government shall establish that there was a substantial connection between the property and the offense," if the Government's theory of forfeiture is that the property was involved in the commission of a criminal offense. 18 U.S.C. § 983(c)(3); *United*

*States v. Funds in the Amount of Forty-Five Thousand Fifty Dollars ($45,050.00)*, 2007 WL 2323307, at *2 (N.D. Ill. Aug. 9, 2007). "No complaint may be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property."18 U.S.C. §983(a)(3)(D). Still, the court need not accept as true "legal conclusions merely because they are cast in the form of factual allegations." *United States v. One White Crystal Covered Bad Tour Glove & Other Michael Jackson Memorabilia*, 2012 WL 8455336, at *1 (C.D. Cal. Apr. 12, 2012) (citing *Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1139 (9th Cir.2003)).

### III. DISCUSSION

Plaintiff filed this forfeiture action under 18 U.S.C. § 981(a)(1)(A), as property allegedly involved in transactions and attempted transactions in violation of 18 U.S.C. §§ 1956(a)(2)(A) and § 1956(h), as well as 18 U.S.C. § 981(a)(1)(C), as proceeds traceable to the transportation, sale, and receipt of allegedly stolen goods in violation of 18 U.S.C. §§ 2314 and 2315. To meet its pleading standard, the government must state facts that support a reasonable belief that the funds in the Subject Account were transferred to Defendant as payment for the sale of electronic devices, which Defendant, knowing that the devices were stolen or fraudulently obtained, purchased from suppliers. Defendant advances three arguments for dismissing Plaintiff's complaint: (1) the government has failed to state a claim with particularity under the heightened pleading standard required under the Supplemental Rules; (2) the government has failed to plead facts to overcome the statutory warranty of title under § 2-312 of the Illinois Uniform Commercial Code; and (3) the government has failed to sufficiently detail the proceeds, tracing, and commingling of funds to a claim of net profits from illegal activity.

1. Does the Government's Complaint Meet the Heightened Pleading Standard of Federal Rule of Civil Procedure Supplemental Rule E(2)(a) and G(2)(f)?

Defendant argues that the government has failed to state a claim for relief under §§ 981(a)(1)(A) or (C) with particularity under the heightened supplemental standard of Supplemental Rules E(2)(a) and G(2)(f), and even under the less stringent ordinary notice pleading standard. Plaintiff's complaint must, at a minimum, "allege facts sufficient to support a reasonable belief that the property is subject to forfeiture." *Supplemental Rule* G(2)(f); *United States v. Mondragon,* 313 F.3d 862, 865 (4th Cir.2002)*; United States v. Funds in the Amount of $9,800*, 952 F.Supp.1254, 1260 (7th Cir.1996). Particularly, Defendant asserts that Plaintiff has not alleged facts sufficient to reasonably support a substantial connection between the funds seized in the Subject Account and the sale of stolen or fraudulently obtained electronic devices. 18 U.S.C. §983(c)(3). A complaint that is "devoid of factual support" linking the monies seized in the Subject Account to any criminal or illegal act will be dismissed for failure to state a claim. *United States v. Leasehold Interest in Prop. Known as 3833 S. Langley, Apartment 501, Chicago, Illinois*, No. 90 C 3619, 1990 WL 179728, at *1 (N.D. Ill. Nov. 5, 1990).

Plaintiff's complaint describes a scheme in which Defendant, between June and August 2013, knowingly purchased "a majority…if not all" of its supply of stolen or fraudulently obtained electronic devices from suppliers at a low price and then sold these devices to international customers at a price higher than at which it bought the devices. Plaintiff alleges that these international customers paid for these devices by transferring money, totaling approximately $8,065,555.26, into Defendant's Subject Account. Buying a product at a low price from a supplier and then selling the same product at a higher price to a customer is a common business practice—and on its own, far from an act of illegal activity. Plaintiff has not alleged that there was a drastic difference in the buy-sell margin that would make these transactions

5

particularly suspicious and outside the course of normal business. Plaintiff has alleged no other facts that signal illegal activity took place during the operation of Defendant's business.

Plaintiff also did not allege facts to support its allegation that Defendant knew that the devices it purchased from June to August 2013 were, in fact, stolen or obtained by fraud. To support this allegation, Plaintiff further alleged that some of the suppliers included individuals with a known history of stealing or fraudulently obtaining electronics on a recurring basis, but never identified any of these "various" suppliers that purportedly sold stolen devices to Defendant. While Plaintiff does allege that Defendant repackaged the purchased devices, this alone does not indicate a reasonable belief that Defendant knew or believed the devices were stolen or fraudulently obtained. Plaintiff also failed to allege the quantity of devices purchased by Defendant that were stolen or fraudulently obtained, how much money Defendants paid for any such devices, and where or how these purchases took place. Plaintiff also failed to identify what proportion of the devices sold to international customers was stolen or fraudulently obtained—and, significantly, the corresponding amount or proportion of the resulting proceeds transferred into the Subject Account that were obtained from the sale of these devices.

These allegations are not, however, dispositive, and courts evaluating forfeiture cases look to the "totality of the evidence," in determining whether a complaint has set forth a reasonable belief that the government can prevail at trial. *See Funds in the Amount of Thirty Thousand Sixty Hundred Seventy Dollars,* 403 F.3d 448, at 455 (7th Cir.2005). Numerous courts have held that the government need not trace seized property back to a specific illegal transaction in order to meet its burden of proof at trial. *U.S. v.$196,969.00 U.S. Currency*, 719 F.3d 644 (7th Cir.2013) (the government is not required by Rule G(5)(a)(1) to allege additional assertions, such as how Defendant obtained possession of the funds, the person from whom he received the

funds, the date of the receipt, the place of the receipt, and a description of the transaction which generated the funds); *United States v. Funds in the Amount of Forty-Five Thousand Fifty Dollars ($45,050.00)*, 2007 WL 2323307, at *5 (N.D. Ill. Aug. 9, 2007)(citing *United States v. United States Currency Deposited in Account No. 11 15000763247 for Active Trade Co.,* 176 F.3d 941, 944 (7th Cir.1999)(citing cases[1])).

Here, the government has met its burden. The government has alleged that the Subject Account contains funds that are the proceeds of illegal activity—the knowing purchase and re-sale of stolen or fraudulently obtained goods. The government was not required to make a showing that Defendant sold devices that it knew were stolen or fraudulently obtained, but only that there is a probability or substantial chance that it knew the devices were stolen or fraudulently obtained. *Active Trade Co.,* 176 F.3d at 944. The government's allegation that the proceeds of the sale of these allegedly stolen devices were transferred to the Subject Account is sufficient to establish that the funds in the Subject Account had a "substantial connection" to the stolen or fraudulently obtained devices. *United States v. Funds in the Amount of Forty-Five Thousand Fifty Dollars ($45,050.00)*, 2007 WL 2323307, at *5 (N.D. Ill. Aug. 9, 2007); *U.S. v. Funds in the Amount of $29,266.00*, 96 F.Supp.2d 806, 812 (N.D.Ill. May 8, 2000) (the government need only allege facts that tend to show the existence of probable cause and probable cause itself only requires a probability, not necessarily a likelihood, that the accusations are true).

Though the government could have, undoubtedly, alleged more facts to support its claim, it is not required to do so under CAFRA, which expressly prohibits dismissal of a complaint "on

---

[1] *United States v. Eighty-Seven Thousand Sixty Dollars,* 23 F.3d 1352, 1354 (8th Cir.1994) (affirming forfeiture decree where government agents seized cash from the claimant's safe deposit box and home on suspicion that he was involved in the drug trade); *United States v. One 1996 Lexus LX450,* No. 97 C 4759, 1999 WL 617686, at *4 (N.D.Ill. Aug.10, 1999)(denying claimant's motion for summary judgment in a case where his Lexus was seized because the government had probable cause to believe it was purchased in connection with illegal narcotics)

7

the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property." 18 U.S.C. § 983(a)(3)(D). Taking the allegations in the light most favorable to Plaintiff, Plaintiff's allegations state the circumstances giving rise to Plaintiff's forfeiture claim with "such particularity" that Defendant can, without more information, "commence an investigation of the facts" and "frame a responsive pleading." Supplemental Rule E(2)(a). The Defendant can prepare a response that rebuts Plaintiff's allegations, however sparse, with more than a general denial. In sum, the complaint's factual allegations permit a reasonable belief, for pleading purposes, that the funds were the proceeds of the known sale of stolen or fraudulently obtained goods, and therefore, subject to forfeiture. Defendant's motion to dismiss for failure to meet the heightened pleading standard is denied.

2) Does Plaintiff fail to plead facts to overcome the implied warranty of title under § 2-312 of the Uniform Commercial Code?

Section 2-312 creates a presumption that every merchant of goods makes an implied warranty to its buyers that "(a) the title conveyed shall be good, and its transfer rightful; and (b) the goods shall be delivered free from any security interest or other lien or encumbrance of which the buyer at the time of contracting has no knowledge." 805 ILCS 5/2-312(1). Defendant moves to dismiss Plaintiff's complaint on the grounds that Plaintiff has failed to allege facts that overcome the presumption of an implied warranty of title over the electronic devices, under § 2-312 of the Illinois Uniform Commercial Code ("UCC"), and support that Defendant had knowledge of the illegal activity. This Court takes judicial notice of the implied warranty of title contained in the Illinois UCC in ruling on this motion to dismiss. *Newcomb v. Brennan*, 558 F.2d 825, 831 (7th Cir. 1977)(matters of public record such as state statutes, city charters, and city

ordinances fall within the category of "common knowledge" and are therefore proper subjects for judicial notice).

Defendant's reliance on the presumption of an implied warranty of title is in rebuttal of Plaintiff's allegation that it knew that the devices were stolen or fraudulently obtained and engaged in illegal activity. In moving to dismiss a complaint under Rule 12(b)(6), "[t]he defendant cannot…attempt to refute the complaint or to present a different set of allegations." *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). The attack is on the sufficiency of the complaint, and the defendant cannot set or alter the terms of the dispute, but must demonstrate that the plaintiff's claim, as set forth by the complaint, is without legal consequence. *Id.* Plaintiff's allegations, even against a presumption of good title, are sufficient to state a claim, by preponderance of the evidence. Plaintiff has alleged that Defendant knowingly purchased and sold goods that were stolen or obtained by fraud and received funds from such transactions that were transferred in the Subject Account under 18 U.S.C. §§ 981(a)(1)(A) and (C). As previously stated, the government is not required to allege facts to prove its claim, but, at the pleading stage, must merely state the circumstances giving rise to Plaintiff's forfeiture claim so that Defendant can investigate the facts and respond to the government's allegations.

3) Does Plaintiff sufficiently allege the proceeds, tracing, and commingling of funds?

Defendant argues that Plaintiff has failed to sufficiently detail the proceeds, tracing, and commingling of funds, as required by Supplemental Rule G(2)(f) and CAFRA. Defendant argues that Plaintiff seeks forfeiture of the Subject Account—Defendant's bank account involved solely with wholesale activity—but failed to plead facts that would support a reasonable belief that the majority, if not the entirety, of Defendant's post-April 2013 wholesale business model involved knowingly transacting in stolen property. Defendant concedes that, under § 984 of the CAFRA,

the government does not need to trace specific funds seized in a bank account if it seizes "identical property found in the same…account as the property involved in the offense." 18 U.S.C. § 984(a)(1)(A). Defendant, however, disputes that Plaintiff can rely on a single conclusory allegation, to wit, that "the majority…if not all…" of the devices Defendant purchased from March 2013 to September 2013 were purchased knowing they were stolen, and argues that Plaintiff's complaint must be dismissed.

As previously stated, the government has alleged facts to support a reasonable belief that the funds in the Subject Account were proceeds from the illegal activity—the sale of the stolen or fraudulently obtained electronic devices. Plaintiff has alleged that Defendant paid its suppliers from funds in the Subject Account, and that Defendant received payments into the Subject Account in the form of international wire transfers from its customers. Plaintiff's complaint sufficiently alleges a "substantial connection" between the funds in the Subject Account to the alleged sale of knowingly stolen or fraudulently obtained goods. 18 U.S.C. § 983(c)(3); *United States v. Funds in the Amount of Forty-Five Thousand Fifty Dollars ($45,050.00)*, 2007 WL 2323307, at *2 (N.D. Ill. Aug. 9, 2007).

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is denied in its entirety.

ENTER:

*[signature: James B. Zagel]*

James B. Zagel
United States District Judge

DATE: April 29, 2015

10